## MONTANA NATIONAL BANK OF BILLINGS, APPELLANT, *v.* YELLOWSTONE COUNTY ET AL., RESPONDENTS.

(No. 6,038.)

(Decided May 17, 1928.)

[267 Pac. 304.]

*Appeal from District Court, Yellowstone County; Robert C. Stong, Judge.*

*Messrs. Brown, Wiggenhorn & Davis,* for Appellant.

*Mr. L. A. Foot,* Attorney General, and *Mr. A. Angstman,* Assistant Attorney General, for Respondents.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This case was taken to the supreme court of the United States on a writ of error resulting in a reversal of our judgment. (72 L. Ed. ——, 48 Sup. Ct. Rep. 331.) In its opinion, the supreme court of the United States says: "It is clear that the state statutes, as construed by the state supreme court in the present case, do not produce the discrimination asserted or any discrimination in favor of the moneyed capital employed by state banks in competition with national banks. That court now holds that the provisions of the state Constitution and statutes require the state to tax the property of every state bank and also the shares to the extent that they have a value beyond that of the taxable property of the bank. In assessing and imposing taxes upon the corporations, the value of the United States securities owned by the corporations is excluded, because such securities are exempted from state taxation by the laws of the United States. But in the taxation of shares of state as well as of national banks, the value of these securities, so far as it contributes to the value of the shares, is included, because the shares are the property of the shareholders

distinct from the corporate assets, which are the property of the banks."

"If this were all," continues the opinion, "there would be no discrimination within the meaning of the federal law." It is then held that the assessment as actually made clearly violated the restriction upon the state power of taxation which is contained in section 5219 of the Revised Statutes of the United States (12 U. S. C. A., sec. 548) relating to the taxation of shares of national banking associations, for the reason that the assessment was made in conformity with our state statutes as construed by this court in *East Helena State Bank* v. *Rogers,* 73 Mont. 210, 236 Pac. 1090.

In our decision in the case at bar, which was promulgated December 30, 1926 (78 Mont. 62, 252 Pac. 876), we expressly disapproved the construction given our statutes in *East Helena State Bank* v. *Rogers;* but this the supreme court of the United States held did not cure the mischief; it held that the statutes, as construed in the Rogers and applied to the concrete facts in this case, were invalid, "and this is enough to justify the challenge here under consideration." In other words, the supreme court held that the taxing officers of this state were required to follow the construction of our statutes given by this court in the *Rogers Case* until that construction was overturned.

Therefore, in conformity with the mandate of the supreme court of the United States, the judgment of this court affirming the judgment of the district court of Yellowstone county, promulgated December 30, 1926, is reversed, and the cause is remanded, with direction to take such action in the premises as by the mandate of the supreme court of the United States shall be proper; and the clerk of this court is directed to issue the appropriate remittitur.

*Reversed and remanded.*

Associate Justices Myers, Stark, Matthews and Galen concur.